1   SEYFARTH SHAW LLP
    Lorraine H. O'Hara (State Bar No. 170153)
2   lohara@seyfarth.com
    John A. Van Hook (State Bar No. 205067)
3   jvanhook@seyfarth.com
    2029 Century Park East, Suite 3300
4   Los Angeles, California 90067-3063
    Telephone: (310) 277-7200
5   Facsimile: (310) 201-5219

6   Attorneys for Defendant
    WACHOVIA SECURITIES, LLC

7

8   COPY

UNITED STATES DISTRICT COURT

9                           CENTRAL DISTRICT OF CALIFORNIA

10

11  SVETLANA CHOWDHURY,                    )   Case No. CV09-8250 RGK PLAx
                                           )
12           Plaintiff,                    )   **NOTICE OF REMOVAL OF**
                                           )   **CIVIL ACTION**
13      vs.                                )
                                           )   (Los Angeles County Superior Court,
14  WACHOVIA SECURITIES, LLC, and          )   Case No. BC 420145)
    DOES 1 through 30,                     )
15                                         )
             Defendants.                   )
16                                         )
                                           )
17                                         )

18

19

20          TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

21  DISTRICT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

22          PLEASE TAKE NOTICE that Defendant Wachovia Securities, LLC

23  ("Defendant" or "Wachovia") hereby removes the above referenced action from

24  the Superior Court of the State of California for the County of Los Angeles, to the

25  United States District Court for the Central District of California, Central Division,

26  pursuant to 28 U.S.C. §§ 1332 and 1441 (diversity of citizenship jurisdiction).

27

28

─────────────────────────────────────────────
                    NOTICE OF REMOVAL

LA1 6909792.1

## SUMMARY OF ACTION

1.     This removal involves an action for employment-related claims that was filed in the Superior Court of the State of California for the County of Los Angeles, entitled *Svetlana Chowdhury v. Wachovia Securities, LLC*, Case No. BC 420145.  A true and correct copy of the Summons, First Amended Complaint, and Civil Case Cover Sheet in this action is attached as Exhibit A.  A true and correct copy of the signed Notice and Acknowledgment of Receipt is attached as Exhibit B.  Wachovia is not aware of any other pleadings, process or papers served in this action.

## SERVICE AND TIMELINESS OF REMOVAL

2.     Wachovia was served with the FAC effective October 13, 2009.  Wachovia had not been served with the original Complaint.  Accordingly, Wachovia files this Notice of Removal within thirty days after receipt of a copy of a pleading, motion, order or other papers from which it may first be ascertained that this action is removable.  Wachovia has not secured the consent of the "Doe" Defendants before removing this action because Wachovia does not know the identity of the "Doe" Defendants and has no reason to believe that any of them have been properly served or have voluntarily appeared in this action.

## JURISDICTION AND BASIS FOR REMOVAL

3.     This case properly may be removed on the basis of diversity of citizenship jurisdiction, as it is a civil action wherein the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332.

   *a.     Plaintiff's Citizenship.*  Plaintiff identifies her own citizenship as California, alleging that "at all times relevant was a resident of the city of Granada Hills … in the County of Los Angeles."  (FAC Facts ¶ 1[1]).

---

[1] Plaintiff's First Amended Complaint consists of a California Judicial Council form complaint, and an attached "Statement of Facts."  For purposes of this Notice, the

LA1 6909792.1

1           b.    *Defendant's Citizenship.*  Wachovia Securities, LLC is now,

2    and ever since this action commenced has been, incorporated under the laws of the

3    State of Delaware, with its principal place of business in St. Louis, Missouri.

4    Defendant is a citizen of Delaware and Missouri.  As a result, Defendant is not

5    now, and was not at the time of the filing of the Complaint, a citizen and/or

6    resident of the State of California within the meaning of the Acts of Congress

7    relating to the removal of cases.

8           c.    *Doe Defendants.*  The presence of Doe defendants in this case

9    has no bearing on diversity with respect to removal. "For purposes of removal

10   under this chapter, the citizenship of defendants sued under fictitious names shall

11   be disregarded." 28 U.S.C. § 1441(a).

12          d.    *The Amount In Controversy Exceeds the Jurisdictional Limit.*

13   While Wachovia denies any liability as to Plaintiff's claims, Wachovia has a

14   reasonable, good faith belief that the amount in controversy, as alleged and pled in

15   this action by Plaintiff, exceeds Seventy-Five Thousand Dollars ($75,000),

16   exclusive of interest and costs.  Plaintiff's failure to specify the amount of damages

17   sought does not deprive this Court of jurisdiction. *See White v. J.C. Penny Life*

18   *Ins. Co.,*  861 F. Supp. 25, 26 (S.D.W.Va. 1994) (defendant may remove suit to

19   federal court notwithstanding plaintiff's failure to plead a specific dollar amount in

20   controversy; if rules were otherwise, "any plaintiff could avoid removal simply by

21   declining … to place a specific dollar value on its claim.")  It is well settled that in

22   determining whether a complaint meets the amount in controversy threshold of 28

23   U.S.C. 1332(a), a court should consider the aggregate value of claims for

24   compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assurance*

25   *Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if

26

27

---

28   paragraphs in the form complaint shall be cited as "FAC ¶__." The paragraph in the
     Statement of Facts shall be cited as "FAC Facts ¶__."

1 plaintiff "might recover" award of compensatory and punitive damages in excess
2 of amount in controversy requirement).

3      Plaintiff alleges causes of action including: (1) age discrimination under the
4 Fair Employment and Housing Act ("FEHA"), (2) constructive discharge, (3)
5 retaliations in violation of the California Family Rights Act ("CFRA"), and (4)
6 false imprisonment. (FAC ¶ 10.) The Complaint also alleges that Plaintiff has
7 suffered a "wage loss," "hospital and medical expenses," "general damage," and
8 "other" damages including emotional distress, attorneys fees and costs. (FAC ¶
9 11.) The FAC also includes a prayer seeking "compensatory damages" and
10 "punitive damages." (FAC ¶ 14.) Although Plaintiff has not specified the amount
11 of her alleged damages, it is apparent from Plaintiff's allegations that she is
12 seeking an amount in excess of $75,000.

13      (i)   **Lost Wages.** Plaintiff alleges that she resigned and/or was
14 constructively terminated in March 2007, roughly two years and eights months
15 ago. (FAC Facts ¶ 40.) She alleges in her prayer that she is entitled to damages
16 for "loss of past and future earnings." While Plaintiff has not specified the amount
17 of past and future wages she is seeking, more almost three years has passed since
18 her resignation. Plaintiff earned approximately $70,000 per year.

19      (ii)   **Personal Injury and Tort Damages**. Plaintiff alleges
20 "hospital and medical expenses" as well as "[n]on-economic damages for
21 emotional distress. (FAC ¶ 11.) These alleged damages are also counted for
22 purposes of the amount in controversy.

23      (iii)   **Punitive Damages.** Plaintiff seeks punitive damages. (FAC ¶
24 14(a).) Requests for punitive damages must be taken into account in ascertaining
25 the amount in controversy. *Davenport v. Mutual Benefit Health and Accident*
26 *Ass'n*, 325 F.2d 785 (9th Cir. 1963).

27      (iv)   **Attorneys Fees.** The FAC alleges that Plaintiff is entitled to
28 recover attorney's fees. (FAC ¶ 11.) Attorney's fees are recoverable under the

4

LA1 6909792.1

1   FEHA and CFRA claims. Requests for attorney's fees must be taken into account

2   in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142

3   F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees to be included

4   in amount in controversy, regardless of whether award is discretionary or

5   mandatory).

6        Plaintiff's various allegations and claims for relief, when taken together,

7   indicate that Plaintiff is seeking an amount that easily exceeds $75,000.

8           e.   By virtue of 28 U.S.C. § 1332, this Court possesses original

9   jurisdiction over this action because it involves an amount in controversy in excess

10   of $75,000 and is between citizens of different states.  Consequently, the

11   Complaint and each alleged cause of action contained therein are removed to this

12   Court pursuant to the provisions of 28 U.S.C. § 1441.

13                     <u>VENUE</u>

14        4.   Venue lies in the United States District Court for the Central District

15   of California, Central Division, pursuant to 28 U.S.C. §§ 1441(a) and 1391(a),

16   because the original state court action was filed in this district and this is the

17   judicial district in which the action arose.  Plaintiff resided and worked in the

18   Count of Los Angeles.

19              <u>NOTICE TO STATE COURT</u>

20        5.   A true and correct copy of this Notice of Removal will be promptly

21   served on the Plaintiff and filed with the Clerk of the Superior Court of the State of

22   California, County of Los Angeles, as required by law.

23        WHEREFORE, Defendant prays that the above action pending before the

24   Superior Court of the State of California for the County of Los Angeles be

25   removed to this Court.

26

27

28

5

LA1 6909792.1

1   DATED: November 12, 2009     SEYFARTH SHAW LLP

2

3

4                     By
                          John A. Van Hook

5                          Attorneys for Defendant
                         WACHOVIA SECURITIES, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

LA1 6909792.1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WACHOVIA SECURITIES, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SVETLANA CHOWDHURY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Los Angeles | CASE NUMBER: *(Número del Caso):* |
|---|---|

111 N. Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
SAMUEL G. JACKSON, JR., Esq., 3699 Wilshire Blvd., #890, LA, CA 90010, (213) 252-3190

| DATE: 8/20/09 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* WACHOVIA SECURITIES, LLC

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.

**EXHIBIT A**

7

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

SAMUEL G. JACKSON, JR., Esq.          SBN 46826
Jackson & Associates
3699 Wilshire Blvd., Suite 890
Los Angeles, CA 90010
TELEPHONE NO: (213) 252-3190      FAX NO. (Optional): (213) 252-3191
E-MAIL ADDRESS (Optional): sjackson@jacksonassoc.com
ATTORNEY FOR (Name): Plaintiff, SVETLANA CHOWDHURY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 1112 No. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

PLAINTIFF: SVETLANA CHOWDHURY

DEFENDANT: WACHOVIA SECURITIES, LLC,

☑ DOES 1 TO  30

**CONFORMED COPY
OF ORIGINAL FILED**
Los Angeles Superior Court

SEP 18 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|
| ☑ **AMENDED (Number):** FIRST | |

Type (check all that apply):
☐ MOTOR VEHICLE      ☑ OTHER (specify): Employment Discrimination
☐ Property Damage      ☐ Wrongful Death
☐ Personal Injury       ☑ Other Damages (specify): WagesE-Distress

Jurisdiction (check all that apply):
☐ ACTION IS A LIMITED CIVIL CASE
Amount demanded    ☐ does not exceed $10,000
                   ☐ exceeds $10,000, but does not exceed $25,000
☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

CASE NUMBER:

BC 420125

1. Plaintiff (name or names):  SVETLANA CHOWDHURY
   alleges causes of action against defendant (name or names):

   WACHOVIA SECURITIES, LLC, Does 1-30

2. This pleading, including attachments and exhibits, consists of the following number of pages: 13

3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
          (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other (specify):
      (5) ☐ other (specify):
   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
          (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other (specify):
      (5) ☐ other (specify):

   ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death | Page 1 of 3<br>Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

8

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SVETLANA CHOWDHURY v. WACHOVIA SECURITIES, LLC, et al. | BC 420125 |

4. ☐ Plaintiff *(name):*

is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☑ except defendant *(name):* WachoviaSecurities
    (1) ☐ a business organization, form unknown
    (2) ☑ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  c. ☐ except defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  b. ☐ except defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  d. ☐ except defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☑ Doe defendants *(specify Doe numbers):* 1-15      were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. ☑ Doe defendants *(specify Doe numbers):* 16-30      are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
  a. ☑ at least one defendant now resides in its jurisdictional area.
  b. ☑ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other *(specify):*

9. ☑ Plaintiff is required to comply with a claims statute, and
  a. ☑ has complied with applicable claims statutes, or
  b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SVETLANA CHOWDHURY v. WACHOVIA SECURITIES, LLC, et al. | BC 420125 |

10.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

  a. ☐ Motor Vehicle
  b. ☑ General Negligence
  c. ☑ Intentional Tort
  d. ☐ Products Liability
  e. ☐ Premises Liability
  f. ☑ Other *(specify)*:

> I. Disparate Treatment Based on Age in violation of FEHA; II. Constructive Discharge in Violation of Public Policy; III. Retaliation in Violation of CFRA; IV. False Imprisonment

11.  Plaintiff has suffered
  a. ☑ wage loss
  b. ☐ loss of use of property
  c. ☑ hospital and medical expenses
  d. ☑ general damage
  e. ☐ property damage
  f. ☐ loss of earning capacity
  g. ☑ other damage *(specify)*:

> Non-economic damages for emotional distress;
> Reasonable attorneys' fees;
> Costs of suit pursuant to statute

12.  ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
  a. ☐ listed in Attachment 12.
  b. ☐ as follows:

> Not Applicable

13.  The relief sought in this complaint is within the jurisdiction of this court.

14.  Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
  a.  (1) ☑ compensatory damages
      (2) ☑ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15.  ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: 9/18/09

SAMUEL G. JACKSON, JR.
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

## STATEMENT OF FACTS

1.      Plaintiff Svetlana ("Lana") Chowdhury is an adult female and at all times relevant was a resident of the City of Granada Hills, in the County of Los Angeles. Plaintiff's employment with Defendant Wachovia Securities, LLC terminated on March 14, 2007.

2.      Plaintiff is a Financial Advisor with over a decade of experience in the field. She is a Certified Financial Planner, a Registered Investment Advisor, and has a Masters degree in Business Administration from Pepperdine University.

3.      On December 12, 2002, Plaintiff was hired by Atlas Securities – the brokerage arm of the World Savings Bank – as a Financial Advisor. Very quickly, she became one of the best performing financial consultants. Plaintiff was in the Top 10 of the company for annuity sales. And in the first six months of 2004, she was the top broker (i.e., #1) in the company.

4.      In July 2004, Plaintiff quit Atlas Securities to work at WM Financial Securities which offered her employment at branch offices that were very near her home. Plaintiff left Atlas Securities on good terms and has kept in touch with her former Regional Manager, Tom Arthur.

5.      Plaintiff was contacted several times by Atlas Securities' regional managers to reconsider her move and return to Atlas Securities. On January 1, 2006, Plaintiff returned to Atlas Securities and was assigned to the Toluca Lake branch office.

6.      For her first nine months in 2006, Plaintiff's production at Atlas Securities was double the branch's production for the previous year of 2005.

7.      In May of 2006, Golden West Financial Corporation – the parent company of World Savings Bank – was sold to Wachovia Corporation. Wachovia was scheduled to take over Atlas Securities on February 1, 2007. Wachovia management had a meeting with all of the employees who worked at the bank branches and reassured Plaintiff and others that they would keep their jobs because Wachovia did not have any presence in California and needed to keep branch personnel in place in order to have a smoothly operating bank.

First Amended Complaint

1

8.      On October 6, 2006, Plaintiff fell in her bathtub and hurt herself. Plaintiff was in severe pain, could not go to work and her doctor put her on a disability leave of absence until January 16, 2007. In December, 2006, Plaintiff contacted management of her then employer, Atlas Securities, to inform them that she would be returning to work in January. Plaintiff also sent the "Return to Work" note from her doctor to Human Resources at Atlas Securities.

9.      At the end of 2006, Wachovia was in the process of laying off a number of employees of Atlas Securities in preparation for the takeover on February 1, 2007. The Atlas Securities Financial Representatives, however, who worked at the bank branches kept their positions and, in fact, Wachovia began a hiring campaign to bring in more financial advisors. Wachovia laid off some of the management of Atlas Securities but, at that time, Plaintiff was not concerned for her job security.

10.     Despite the fact that Plaintiff had notified both her regional manager, Mr. Arthur, and the Human Resources Department at Atlas Securities, of her anticipated return in January, 2007, Wachovia did not take any steps to plan for Plaintiff's return. On January 12, 2007, Plaintiff faxed a "Return to Work" form to Myra at HR Atlas Securities.

11.     Plaintiff was warned by her immediate supervisor at Atlas Securities, Mr. Erwin Prieto, that there were plans by Wachovia management to hire Citibank brokers to work at her branch. After returning to work, Plaintiff applied for other positions with Defendnat (e.g., Financial Specialist Team Leader), but her applilcation was apparently not considered. Plaintiff is informed and believes that the position was given to a less qualified, younger employee.

12.     On February 1, 2007, Atlas Securities became part of Defendant Wachovia Securities, LLC.

13.     When Plaintiff returned to work, she was not reinstated as a full-time employee with a valid employee number. As a result, Plaintiff was unable to access Wachovia's operational site and could not open accounts, post trades, or complete training modules on the computer.

First Amended Complaint

2

14.     From January 16, 2007, through March 14, 2007, Plaintiff made dozens of phone calls and sent e-mails to various departments in order to get a valid, full-time, financial consultant's employee access number; all to no avail.

15.     Defendant Wachovia failed to renew Plaintiff's life insurance license and it lapsed on January 31, 2007. In November, 2006, Plaintiff received an e-mail from the licensing department to complete her Continuing Education requirement in order for them to renew her license. Plaintiff completed the Continuing Education on time, but her license was not renewed, because the company failed to send the renewal fee to the Department of Insurance.

16.     Plaintiff applied for several positions with Defendant and, although she was more than qualified for the positions, her applications were apparently ignored and she was not even asked for an interview.

17.     Plaintiff was one of the few Certified Financial Planners at Atlas Securities and had completed four out of the required eight courses for the CEBS Designation. Plaintiff has over a decade of experience in the securities industry and has a good record of production.  Plaintiff does not have any customer complaints registered on her U-4 with the NASD.  Despite her credentials, Plaintiff was never contacted by Defendant's management to discuss any of the positions for which she had applied.

18.     Plaintiff's new manager at Wachovia Securities, Mr. Phil Winterson ("Winterson") immediately began to harass, berate, and verbally abuse Plaintiff. She was kept in constant fear because Winterson always ended a barrage of insults with, "I have to go; we will continue this conversation later."

19.     Winterson asked Plaintiff about her disability leave, stating "did you have a head injury?" Although Plaintiff informed Winterson that she did not injure her head in her bathroom fall, he continued to make statements such as, "I understand that you had a head injury and maybe that is why you do not understand." Winterson repeatedly told Plaintiff that "she didn't fit in."

20.     When Plaintiff informed Winterson that her Life Insurance License had lapsed, he wrote her up for blaming the mistake on Defendant. In fact, it was the

First Amended Complaint

3

company's responsibility to timely submit a renewal check to the Department of Insurance.

21.     On another occasion, when one of Plaintiff's customers complained that Winterson's office manager did not act on the customer's order to sell and, as a result, the customer lost money, Winterson wrote Plaintiff up for the mistake. Winterson said, "Every time a broker brings in a client and that client complains, it is the broker's fault." In this instance, however, Plaintiff did not "bring in" the client – the client was an existing client from Atlas Securities. And the client did not complain about Plaintiff, rather she complained specifically about the office manager.

22.     When Plaintiff was unable to open an account for the customer who complained about the office manager, Winterson wrote up Plaintiff despite Defendant's failure to provide her with a functioning broker number. In fact, Plaintiff did not even have her own phone number; and the number on her business card was for Winterson's line.

23.     On another occasion, when a customer talked to Winterson about her trade in a structured CD that did not happen because Defendant lost track of her money, Winterson wrote up Plaintiff for this error. When Winterson's office manager suggested that the client be transferred to another broker, Winterson wrote up Plaintiff, stating that it was Plaintiff's idea to transfer the client. Winterson, however, was aware that the idea was from the office manager and this is confirmed in an e-mail.

24.     Winterson demanded a higher level of production from Plaintiff compared to other former Atlas Securities employees. When Plaintiff asked him why he was demanding "$20,000 per month production from her from "day one," he responded: "because I am concentrating on you now." Winterson told Plaintiff repeatedly that her monthly production quota was different from other employees because she owed the company for the time of her leave.

First Amended Complaint

25.     Many times Winterson called Plaintiff after office hours, berating her, threatening to fire her, and repeatedly telling her that she did not "fit in." These phone calls were lengthy, often 20-40 minutes in duration.

26.     Specifically, on March 4, 2007, Winterson called Plaintiff on her cell phone, after 5:00 p.m., and insulted her in a lengthy "conversation."

27.     On March 5, 2007, at 10:00 a.m., Winterson arrived at Plaintiff's workplace and asked her to go to the supply closet with him. Winterson told Plaintiff that he had a "Final Warning" for Plaintiff; and that she must sign it. Despite her denials of the truth of the allegations contained in it, Winterson harassed Plaintiff for more than an hour to sign the form. During this period of harassment, Plaintiff developed a migraine headache and informed Winterson that she did not feel good and had a tremendous headache. Winterson kept Plaintiff in the closet and pressured her to sign the Final Warning document. Despite her requests, Plaintiff was not allowed to leave the closet to use the restroom. Winterson told Plaintiff that he "understood that she had a head injury, and was in pain, but that she must acknowledge her mistakes and sign the document." He then told her that if she left the closet, she would be terminated immediately for "gross insubordination."

28.     Plaintiff, under extreme duress, informed Winterson that she would not accept responsibility for Defendant's errors; and that she would go to court to clear her name, if necessary. Winterson said, "Oh, now you are threatening with a lawsuit; I guess it's cultural." During this session, Winterson made other derogatory references to Plaintiff's "culture."

29.     After a prolonged discussion, and one and a half hours in the supply closet, he finally allowed Plaintiff to leave the supply closet, saying: "I must be someplace else at noon, so I have to leave immediately."

30.     Throughout the week of March 5-9, Winterson continued to call Plaintiff, attempting to force her to apologize for the fact that her "Armeniam" customer had complained about him and his office manager. Plaintiff said that she was sorry but Winterson continued his insults.

First Amended Complaint

5

31.     On March 12, 2007, Winterson informed Plaintiff that if she did not quit by March 13, he would arrive at 10:00 a.m. on March 14, 2007, to fire her for "bad customer service skills." Plaintiff was shocked. She had never had any prior complaints of this nature.

32.     Desperate, Plaintiff called her former Regional Manager from Atlas Securities, Mr. Arthur, to ask for help. He agreed to speak with Winterson. The next day, Arthur told Plaintiff that he told Winterson that Plaintiff had been the top broker in 2004, but that after her disability leave she "got burned out."

33.     Plaintiff then called Ms. Faziah Asmatey, the bank branch manager with whom she had worked for one and a half years; and asked her to "put in a good word" for her. Ms. Asmatey contacted Ms. Angela Leong but was told that she could not do anything with respect to the "securities" side of the bank.

34.     Plaintiff called the Regional Director, Mr. Larry Key (formerly of Atlas Securities), and explained her problems with Winterson.  Mr. Key informed Plaintiff that he could not be of any assistance and would generally defer to the manager's decisions.

35.     On March 13, 2007, Winterson called Plaintiff several times to inquire whether she was going to resign. Winterson repeatedly told Plaintiff what being fired would do to her U-4; Plaintiff begged him for another chance.  Plaintiff informed Winterson that she was seeking other positions with Wachovia and needed some time.  Winterson refused to allow Plaintiff any additional time and informed her that he would be coming on March 14, 2007 to fire her.  Winterson told her that their 10:00 a.m. meeting on that day would be a "termination meeting."

36.     Plaintiff called Ms. Lisa Chandler in Human Resources to discuss her situation to no avail. Ms. Chandler repeatedly told Plaintiff that they would go with the manager's decision and that she had better leave. Plaintiff attempted to explain that she disagreed with the allegations in the Final Warning, but Ms. Chandler refused to have a meeting with Plaintiff and allow her to present her case.

37.     Eventually, Ms. Chandler agreed that she would accept some offer of evidence in the form of e-mails from the Plaintiff.  Thereafter, Plaintiff received a

voice mail message from Winterson stating that it would take Human Resources some time to review the e-mails submitted by Plaintiff and that his meeting with her was delayed until 3:00 p.m. the following day.

38.     Although Plaintiff was in good physical shape when she returned from disability leave in January, beginning the second week of February, after Defendant's takeover, she became physically, mentally, and emotionally ill. Plaintiff began to experience nightmares that Defendant wanted her gone and was in constant fear of losing her job.

39.     Plaintiff's business cards were printed with only Winterson's phone number on them and she was in constant fear that if a customer were to call they would be coaxed by Winterson to say negative things about Plaintiff.

40.     On the evening of March 13, 2007, Plaintiff was so broken and ill that she was afraid that she would not survive the night. Plaintiff felt that she could not fight any longer and, reluctantly, she submitted a letter of "resignation" at approximately 8:00 p.m. on March 13, 2004. When she submitted this letter, via e-mail, Plaintiff was in extreme physical and mental distress and believed that her employment was to be involuntarily terminated on March 14, at 3:00 p.m.

41.     On March 14, 2007, Plaintiff went to the bank branch to return her keys. At about 9:30 a.m., she received a call from Winterson asking what she was doing there. Plaintiff said that she was waiting to turn in her keys to the manager. Winterson told her to give the keys to the assistant manager. Moments later, Plaintiff was approached by the assistant manager who informed her that she was to be escorted from the building. Plaintiff's position was promptly filled by a less qualified, younger employee.

42.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and non-economic damages.

43.     Plaintiff filed a charge of discrimination with the Department of Fair Employment and Housing; and received a right-to-sue letter with a deadline for filing suit of August 20, 2009. A copy of that letter is attached hereto and marked Plaintiff's Exhibit "A."

First Amended Complaint

7

## FIRST CAUSE OF ACTION

### Disparate Treatment Based on Age (i.e. over 40 years)
### in Violation of the FEHA (Gov. Code, § 12940(a))

44.     Plaintiff incorporates by reference the Statement of Facts, Nos. 1-43, as if fully set forth at this point.

45.     Defendant Wachovia Securities, LLC was Plaintiff's employer. Defendant denied Plaintiff a promotion for which she was qualified.

46.     Plaintiff's age, over 40 years, was a motivating reason for the refusal to promote.

47.     Plaintiff was harmed by Defendant's unlawful conduct and has suffered both economic and non-economic damages.

48.     The denial of promotion was a substantial factor in causing Plaintiff's harm.

49.     Defendant's conduct was done with malice, oppression, and fraud.

## SECOND CAUSE OF ACTION

### [Constructive Discharge in Violation of Public Policy—Plaintiff Required to Endure Intolerable Conditions for Improper Purpose]

50.     Plaintiff claims that Defendant forced her to resign for reasons that violate public policy and alleges the following:

51.     Plaintiff incorporates by reference the Statement of Facts, Nos. 1-43, as if fully set forth at this point. Plaintiff was employed by the Defendant.

52.     Plaintiff was subjected to working conditions that violated public policy, in that Plaintiff was treated intolerably in retaliation for taking CFRA leave.

53.     Defendant intentionally created or knowingly permitted these working conditions.

54.     These working conditions were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.

55.     Plaintiff resigned because of these working conditions.

56.     Plaintiff was harmed by Defendant's unlawful conduct and has suffered both economic and non-economic damages.

57.     The working conditions were a substantial factor in causing Plaintiff's harm.

First Amended Complaint

58.    Defendant's conduct was done with malice, oppression, and fraud.

## THIRD CAUSE OF ACTION
[Retaliation for taking CFRA leave]

59.    Plaintiff claims that Defendant retaliated against her for taking leave pursuant to the California Family Rights Act [hereafter "CFRA"].

60.    Plaintiff incorporates by reference the Statement of Facts, Nos. 1-43, as if fully set forth at this point.

61.    Plaintiff was eligible for medical leave.

62.    Plaintiff requested/took medical leave due to a personal injury.

63.    Defendant subsequently discharged Plaintiff after she returned from medical leave.

64.    Plaintiff's taking of medical leave due to her personal injury was a motivating reason for Defendant's terminating Plaintiff's employment.

65.    Plaintiff was harmed by Defendant's unlawful conduct and has suffered both economic and non-economic damages.

66.    Defendant's retaliatory conduct was a substantial factor in causing Plaintiff's harm.

67.    Defendant's conduct was done with malice, oppression, and fraud.

## FOURTH CAUSE OF ACTION
[False Imprisonment]

68. Plaintiff claims that she was wrongfully restrained, confined and detained by Defendant's manager, Mr. Winterson.

69. Plaintiff incorporates the Statement of Facts, Nos. 1-43, by reference as if fully set forth herein.

70. Mr. Winterson intentionally deprived Plaintiff of her freedom of movement by use of physical barriers, threats of force, menace, fraud, deceit and unreasonable duress.

First Amended Complaint

9

71. Plaintiff did not consent;

72. Plaintiff was harmed; and

72. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

73. Defendant's conduct was committed with malice, oppression and fraud.

## **PRAYER FOR RELIEF**

Pursuant to the First, Second, Third and Fourth Causes of Action, Plaintiff claims and seeks to recover the following damages according to proof:

1. Economic Damages for loss of past and future earnings;

2. Non-economic damages for emotional distress;

3. Reasonable attorney fees;

4. Cost of suit pursuant to statute;

5. Punitive damages, and

6. Any and all other damages as may be available at the time of trial.

Respectfully submitted,

JACKSON & ASSOCIATES

Date: 9/18/09

SAMUEL G. JACKSON, JR.
Attorney for Defendant
SVETLANA CHOWDHURY

First Amended Complaint

10

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
611 West Sixth Street, Suite 1500 ,Los Angeles, CA 90017
(213) 439-6799 (800) 700-2320 Fax (213) 892-6494



August 25, 2008


SVETLANA S. CHOWDHURY
11966 Cameo Place
Granada Hills, CA 91344

RE:   E200708T0255-00-afe/37AA811042
      <u>CHOWDHURY/WACHOVIA SECURITIES</u>

Dear SVETLANA S. CHOWDHURY:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Complainant Elected Court Action.

Please be advised that this recommendation has been accepted and the case has been closed effective August 25, 2008.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

21

Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission (EEOC) for further review.  If so, pursuant to Government Code section 12965, subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Lottie Woodruff
District Administrator

cc:    Case File

Harley Jones
WACHOVIA CORPORATION
TWO WACHOVIA CNTR (NC1048)
301 South Tryon St
Charlotte, NC  28288

DFEH-200-08e (06/06)
SQUINTAC

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| SAMUEL G. JACKSON, JR., Esq.  SBN 46826  Jackson & Associates  3699 Wilshire Blvd., Suite 890,  Los Angeles, CA 90010  TELEPHONE NO.: (213) 252-3190   FAX NO.: (213) 252-3191  ATTORNEY FOR (Name): Plaintiff SVETLANA CHOWDHURY | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central

CASE NAME:
CHOWDHURY v. WACHOVIA SECURITIES, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ✔ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
✔ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✔ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ✔ punitive
4. Number of causes of action (specify): **Retaliation for taking FMLA leave, Constructive Discharge, Age Discrim.**
5. This case ☐ is ✔ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 8/20/09

SAMUEL G. JACKSON, JR., Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use  Judicial Council of California  CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;  Cal. Standards of Judicial Administration, std. 3.10  www.courtinfo.ca.gov  American LegalNet, Inc. |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| SAMUEL G. JACKSON, JR., Esq.  SBN 46826<br>Jackson & Associates<br>33699 Wilshire Blvd., Suite 890<br>Los Angeles, CA 90010<br>TELEPHONE NO.: (213) 252-3190     FAX NO. *(Optional):* (213) 252-3191<br>E-MAIL ADDRESS *(Optional):* sjackson@jacksonassoc.com<br>ATTORNEY FOR *(Name):* Plaintiff, SVETLANA CHOWDHURY | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 No. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

PLAINTIFF/PETITIONER: SVETLANA CHOWDHURY

DEFENDANT/RESPONDENT: WACHOVIA SECURITIES, LLC

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC 420145 |
|---|---|

TO *(insert name of party being served):* WACHOVIA SECURITIES, LLC

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 9/22/09

SAMUEL G. JACKSON, JR.
(TYPE OR PRINT NAME)                              ▶ _____
                                                   (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐  A copy of the summons and of the complaint.
2. ☐  Other *(specify):*

*(To be completed by recipient):*

Date this form is signed: 10/13/09

Lorraine H. O'Hara, Atty for
Wachovia Securities LLC
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ Lorraine H. O'Hara
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 447.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com |
|---|---|---|

**EXHIBIT B**

24

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| SAMUEL G. JACKSON, JR., Esq.          SBN 46826<br>Jackson & Associates<br>3699 Wilshire Blvd., Suite 890<br>Los Angeles, CA 90010<br><br>TELEPHONE NO.: (213) 2252-3190       FAX NO. *(Optional):* (213) 2252-3191<br>E-MAIL ADDRESS *(Optional):* sjackson@jacksonassoc.com<br>ATTORNEY FOR *(Name):* Plaintiff SVETLANA CHOWDHURY | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 No. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk

PLAINTIFF/PETITIONER: SVETLANA CHOWDHURY

DEFENDANT/RESPONDENT: WACHOVIA SECURITIES, LLC,  Does 1-30

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC 420125 |
|---|---|

TO *(insert name of party being served):* WACHOVIA SECURITIES, LLC

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:

SAMUEL G. JACKSON, JR.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐   A copy of the summons and of the complaint.
2. ☐   Other *(specify):*


*(To be completed by recipient):*

Date this form is signed:

▶

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.USCourtForms.com

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA    )
                                 )  ss

3

COUNTY OF LOS ANGELES  )

4

     I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite

5

3500, Los Angeles, California 90067-3021. On November 12, 2009, I served the within
documents:

6

**NOTICE OF REMOVAL OF CIVIL ACTION**

7

☐    I sent such document from facsimile machine (310) 201-5219 on November 12, 2009.
I certify that said transmission was completed and that all pages were received and

8

that a report was generated by facsimile machine (310) 201-5219 which confirms said
transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this

9

action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the
parties listed below.

10

11

☒    by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at Los Angeles, California addressed as set
forth below.

12

13

☐    by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

14

15

☐    by placing the document(s) listed above, together with an unsigned copy of this
declaration, in a sealed Federal Express envelope with postage paid on account and
deposited with Federal Express at Los Angeles, California, addressed as set forth

16

below.

17

☐    by placing the document(s) listed above, together with an unsigned copy of this
declaration, in a sealed Overnite Express envelope with postage paid on account and

18

deposited with Overnite Express at Los Angeles, California, addressed as set forth
below.

19

20

☐    by transmitting the document(s) listed above, electronically, via the e-mail addresses
set forth below.

21

☐    electronically by using the Court's ECF/CM System.

22

23

    Samuel G. Jackson, Jr.
    Jackson & Associates

24

    3699 Wilshire Boulevard, Suite 890
    Los Angeles, CA 90010

25

26

     I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

27

day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
meter date is more than one day after the date of deposit for mailing in affidavit.

28

     I declare that I am employed in the office of a member of the bar of this court whose
direction the service was made.

LA1 6911915.1

1   Executed on November 12, 2009, at Los Angeles, California.

2

3                                                    Lisa Ayer

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

## CV09- 8250 RGK (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Svetlana Chowdhury

**DEFENDANTS**
Wachovia Securities, LLC

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles County, California

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Samuel G. Jackson, Jr. (SBN 46826)
Jackson & Associates
3699 Wilshire Blvd., Suite 890
Los Angeles, CA 90010
Tel: (213) 252-3190; Fax: (213) 252-3191

Attorneys (If Known)
Lorraine H. O'Hara (SBN 170153)
John A. Van Hook (SBN 205067)
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500, Los Angeles, CA 90067
Tel: (310) 277-7200; Fax: (310) 201-5219

COPY

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332, 1441 and 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI(405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV09-8250

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)      CIVIL COVER SHEET      American LegalNet, Inc. www.USCourtForms.com      Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☒ No   ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Plaintiff - Los Angeles County, California

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
Defendant Wachovia Securities, LLC - Resides in Delaware and Missouri

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Los Angeles County, California

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** John A. Van Hook     Date November 12, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.USCourtForms.com

1      **PROOF OF SERVICE**

2   STATE OF CALIFORNIA          )
                                 )   ss
3   COUNTY OF LOS ANGELES        )

4          I am a resident of the State of California, over the age of eighteen years, and not a party
    to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite
5   3500, Los Angeles, California 90067-3021. On November 12, 2009, I served the within
    documents:

6                       **UNITED STATES DISTRICT COURT**
                        **CENTRAL DISTRICT OF CALIFORNIA**
7                              **CIVIL COVER SHEET**

8   ☐     I sent such document from facsimile machine (310) 201-5219 on November 12, 2009.
          I certify that said transmission was completed and that all pages were received and
9         that a report was generated by facsimile machine (310) 201-5219 which confirms said
          transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this
10        action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the
          parties listed below.

11

12  ☒     by placing the document(s) listed above in a sealed envelope with postage thereon
          fully prepaid, in the United States mail at Los Angeles, California addressed as set
13        forth below.

14  ☐     by personally delivering the document(s) listed above to the person(s) at the
          address(es) set forth below.

15
    ☐     by placing the document(s) listed above, together with an unsigned copy of this
16        declaration, in a sealed Federal Express envelope with postage paid on account and
          deposited with Federal Express at Los Angeles, California, addressed as set forth
17        below.

18  ☐     by placing the document(s) listed above, together with an unsigned copy of this
          declaration, in a sealed Overnite Express envelope with postage paid on account and
19        deposited with Overnite Express at Los Angeles, California, addressed as set forth
          below.

20
    ☐     by transmitting the document(s) listed above, electronically, via the e-mail addresses
21        set forth below.

22  ☐     electronically by using the Court's ECF/CM System.

23

24  Samuel G. Jackson, Jr.
    Jackson & Associates
25  3699 Wilshire Boulevard, Suite 890
    Los Angeles, CA 90010

26         I am readily familiar with the firm's practice of collection and processing correspondence
27  for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
    day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
28  motion of the party served, service is presumed invalid if postal cancellation date or postage
    meter date is more than one day after the date of deposit for mailing in affidavit.

                                    PROOF OF SERVICE
    LA1 6911915.1

1        I declare that I am employed in the office of a member of the bar of this court whose
direction the service was made.

2

3        Executed on November 12, 2009, at Los Angeles, California.

4                                 Lisa Ayer

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

PROOF OF SERVICE